## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELVIN GALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-0792 (JR) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM

Plaintiff *pro se* Melvin Gale, a prisoner in federal custody under sentence imposed in 1977 by the Superior Court for the District of Columbia, sues the Department of Justice, the Parole Commission, the District of Columbia, and John Caulfield, the Warden of the local detention facility under contract with the District. Invoking 42 U.S.C. § 1983, Gale demands $3.5 million in damages for alleged violations of the *ex post facto* and due process clauses of the Constitution (Art. I, § 9; Amend. V). The District of Columbia and the federal defendants have each filed a motion to dismiss the complaint, and Gale has filed an opposition to each. These motions must be granted. Warden Caulfield has not appeared in the case, but the complaint against him will be dismissed *sua sponte*. *See* 28 U.S.C. § 1915A.

If we were ever to reach the merits of the plaintiff's complaint, he would lose,[1] but the case must be dismissed before we reach that point. The United States and its agencies are immune from suit except insofar as Congress has expressly waived that immunity. *Lane v. Pena,* 518 U.S. 187, 192 (1996); *United States v. Mitchell,* 463 U.S. 206, 212 (1983). Congress has not waived federal agencies' immunity from suit for damages for alleged violations of the Constitution. *FDIC v. Meyer,* 510 U.S. 471, 484-85 (1994). "Sovereign immunity is jurisdictional in nature[,]" *id.* at 475, and Gale's claims against the federal defendants must accordingly be dismissed for lack of subject matter jurisdiction.

The complaint against the District of Columbia and Warden Caulfield must be dismissed for a different reason, namely, that it contains no factual allegations as to those defendants. Not only does it fail to state a claim as to which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), it fails to state any claim at all.

An order of dismissal accompanies this memorandum.

JAMES ROBERTSON
United States District Judge

---

[1] Gale contends that it is a violation of his constitutional protection against *ex post facto* laws and his right to due process that the federal defendants enforce the provisions of D.C. Code § 24-406(a), first enacted in 1932, and do not count the days he spent on parole before his parole was revoked as days in fulfillment of his term of incarceration; he also characterizes the result as an impermissible sentence imposed by an executive branch agency. *See* Compl. at 4-7. These arguments were raised, litigated, and rejected long ago, in opinions cited by the litigants. There is no need to plow this ground again. *See U.S Parole Comm'n v. Noble*, 711 A.2d 85 (D.C. 1998), adopting *en banc U.S Parole Comm'n v. Noble*, 693 A.2d 1084 (1997) (approving the application of D.C. Code § 24-406(a) to D.C. prisoners in federal custody); *see also Davis v. Moore,* 772 A.2 204, 214-15 (D.C. 2001) (approving application of § 24-406(a) to D.C. prisoners regardless of the date of their offense).